BEFORE THE THIRD DIVISION, SEPTEMBER 25, 1967

**No. P67/314.**—Irving W. Rice & Co., Inc., et al. *v.* United States, protests 66/19676, etc. (New York).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of finished glass atomizer bases; that the merchandise in its imported condition possesses no independent function and is solely used when attached to and assembled with other substantial components thereby comprising a complete atomizer; and following the principles set forth in *William Adams, Inc.* v. *United States* (56 Cust. Ct. 429, C.D. 2670), the claim of the plaintiffs was sustained.

BEFORE THE FIRST DIVISION, SEPTEMBER 27, 1967

**No. P67/315.**—Wayne Withrow & Co. and Ben Grossman Co. et al. *v.* United States, protests 63/10584, etc. (Los Angeles).

WATSON, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of wrought iron and brass articles similar in all material respects to those the subject of *Alpine Importers of Calif.* v. *United States* (55 Cust. Ct. 81, C.D. 2555), the claim of the plaintiffs was sustained.

**No. P67/316.**—Aimcee Wholesale Corp. *v.* United States, protests 65/1268 and 65/2130 (New York).

BECKWORTH, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of synthetic rubber raincoats similar in all material respects to those the subject of *United States* v. *Weather-Rite Sportswear Co., Inc.* (52 CCPA 7, C.A.D. 848), the claim of the plaintiff was sustained.